**RISNER & GRAHAM  #00089200**
**ATTORNEYS AT LAW**
100 North Stone Avenue, Suite 901
Tucson, Arizona  85701-1526
Telephone:  (520) 622-7494
Facsimile:  (520) 624-5583

**WILLIAM J. RISNER, ESQ.**
State Bar Number:  002257
Pima County Bar Number:  48228
*bill@risnerandgraham.com*

**KENNETH K. GRAHAM, ESQ.**
State Bar Number:  007069
Pima County Bar Number:  21588
*kk@risnerandgraham.com*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANGEL MENDIVIL PEREZ,<br><br>                    Plaintiff,<br><br>        vs.<br><br>THE UNITED STATES OF AMERICA<br>AND AN UNKNOWN AGENT OF THE<br>U.S. BORDER PATROL<br><br>        Defendants. | Case No.:<br><br>COMPLAINT<br>(Federal Tort Claims Act<br>and "Bivens" Claim)<br><br>Assigned to:<br>Honorable |

Plaintiff alleges:

1.    This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1346 (b)(1). Venue is proper within the District of Arizona pursuant to 28 U.S.C. § 1402 (b) because acts referred to herein occurred within the District of Arizona or because the plaintiff resides in this judicial district.

2.    This case is also brought alternatively pursuant to Bivens and the Fourth

and Fifth Amendments to the United States Constitution.  See *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388(1971) and the Federal Tort Claims Act.   The Court has jurisdiction under 28 U.S. § 1331.  The name or specific identity of the defendant agent is not known nor has it been disclosed to plaintiff.

3.    The plaintiffs Angel Mendivil Perez is a citizen of the United State residing in Tucson, Arizona. The acts complained of herein were committed by an employee of the United States of America while acting within the scope of his office or appointment.

4.    Pursuant to 28 U.S.C. § 2675(a) the plaintiffs mailed a claim by Certified or Registered mail to the U.S. Customs and Border Protection and the Department of Homeland Security.  The claim was received on January 15, 2020 and by the Department of Homeland Security on January 16, 2020 by U.S. Customs and Border Protection. Plaintiff has not received a formal denial of his claim and more than six months has passed.  The Border Patrol is an agency within the U.S. Customs and Border Protection agency, which itself is located within the Department of Homeland Security.

5.    On or about February 7, 2019 while driving a vehicle from Nogales, Arizona into the Republic of Mexico at the DeConcini Port of Entry, Angel Mendivil Perez was shot in the back of his head by an employee agent of the United States believed to have been employed by the U.S. Customs and Border Protection agency.

6.    On information and belief Mr. Mendivil had been requested by the government agent to produce his driver's license to the agent when instead of doing so Mr. Mendivil drove away intending to cross into Mexico, whereupon the unknown

/ / /

Border Patrolman promptly fired his pistol at Mr. Mendivil which bullet passed through the back window of the vehicle into the top of his head.

7.    The defendants' action in using deadly force against Mr. Mendivil was unreasonable and excessive and was unnecessary to defend against bodily injury or deadly force.  The agent and or officers acted intentionally with the specific purpose of causing harm or death to Mr. Mendivil without legal justification.

8.    Defendants acted under color of law.

9.    The firing of the shot was a battery committed in Arizona without justification.

10.    After being shot in his head and rendered unconscious, Mr. Mendivil's vehicle continued into the Republic of Mexico where, it struck a barrier before passing any Mexican border officials.

11. Mr. Mendivil, due to his head injury, has no memory of the shooting. He has not been able to obtain information of the precise location of the shooter or of his vehicle at the point of impact. Therefore, he has filed this claim alternatively. What is certain is that he was struck prior to entry into Mexican jurisdiction or encountering any Mexican officials.

12. The Unknown Border Patrol Agent was acting within the scope of his employment thereby giving rise to liability of the United States, pursuant to the principles of respondeat superior and by act of Congress pursuant to 28 U.S.C.§ 1346.

13. Although believed to be dead at the scene Mr. Mendivil survived and has severe permanent injuries proximately caused by the bullet to his brain. He has suffered general and special damages and will continue to do so in the future for the permanent injuries.

14. Mr. Mendivil had been entering Mexico to take groceries to his pregnant fiancé who is now his wife and mother of his daughter.

COUNT ONE

CAUSE OF ACTION

15. The foregoing allegations are re-alleged and incorporated here by reference.

16. Plaintiff requests monetary damages including punitive damages pursuant to the Federal Tort Claims Act.

17. At the time of shooting defendants were not in danger of bodily harm from Mr. Mendivil.

18. In shooting Mr. Mendivil defendants acted intentionally and used unreasonable and excessive force with the purpose of causing harm to Mr. Mendivil without legal justification.

19. This claim is brought against all defendants.

## COUNT TWO

### VIOLATION OF THE FOURTH AMENDMENT

20. The foregoing allegations are re-alleged and incorporated herein by reference.

21. Defendants' actions violated the Fourth Amendment's prohibition against seizures with excessive and unreasonable force.

22. This claim is brought against all defendants.

## COUNT THREE

### VIOLATION OF THE FIFTH AMENDMENT

23. The foregoing allegations are re-alleged and incorporated herein by reference.

24. At the time Mr. Mendivil was shot, defendants were not in danger of fatal or bodily harm from Mr. Mendivil or anyone else.

25. In shooting Mr. Mendivil defendants acted intentionally, maliciously, and used unreasonable and excessive force, with the purpose to cause harm to Mr. Mendivil without legal justification. Defendants' actions were unnecessary to achieve any legitimate law enforcement objectives.

26. Defendants' actions were grossly excessive and deliberately indifferent and shocked the conscience, in violation of the substantive due process component of the Fifth Amendment.

27. This claim is brought against all defendants.

## JURY DEMAND

Plaintiff demands a trial by jury in this action of his claims triable by jury.

## RELIEF

Wherefore, Plaintiff respectfully requests relief as follows:

28. A declaration that Defendants actions violated the Constitution.

29. Trial by jury.

30. Damages, including special, general and punitive damages, in an amount to be proven at trial.

31. Damages alternatively pursuant to the Federal Tort Claims Act.

32.   Costs and reasonable attorney fees.

33.   Such other relief as the Court deems just and equitable.

DATED this 4th day of February, 2021.

**RISNER & GRAHAM**

By      /s/ William J. Risner
          William J. Risner
          Attorney for Plaintiffs